**The PEOPLE of the State of Colorado, Complainant,**

v.

**John D. WATSON, Attorney–Respondent.**

**No. 94SA314.**

Supreme Court of Colorado, En Banc.

Nov. 7, 1994.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

John D. Watson, pro se.

**PER CURIAM.**

The respondent and the assistant disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct.[1] *See* C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and agreement, and recommended that the respondent be suspended for eighteen months. We accept the stipulation and the recommendation of the inquiry panel, and order that the respondent be suspended for eighteen months and pay the costs of the proceeding.

**I.**

According to the stipulation, the respondent represented C.G. Enterprises, Ltd., the plaintiff in a civil action filed in district court. The complaint filed by the respondent alleged that the defendants, an individual and a corporation, failed to pay sums due under an agreement and promissory note. The individual defendant filed an answer *pro se* in March 1992.

The respondent filed a notice to set the matter, and a trial date was set for August 20, 1992. In December 1991, C.G. Enterprises had assigned its rights under the contract to Local Service Corporation, which was owned and controlled by the respondent and members of his family. In his disclosure certificate filed March 27, 1992, however, the respondent did not reveal the assignment. In fact, the disclosure states that C.G. Enterprises, not Local Service Corporation, is the holder of the promissory note and agreement. Moreover, in an April 8, 1992, letter to the individual defendant, the respondent asserted that C.G. Enterprises held the promissory note and agreement.

---

1. The respondent was admitted to the bar of this court on October 21, 1976, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. *See* C.R.C.P. 241.1(b). We suspended the respondent for professional misconduct for eighteen months

by order dated July 20, 1992, effective August 19, 1992. *People v. Watson*, 833 P.2d 50, 53–54 (Colo.1992). The respondent has not sought reinstatement under our 1992 order and thus remains suspended.

On July 27, 1992, a lawyer for the defendants entered his appearance and filed a motion for summary judgment, alleging in part that the respondent or his family owned and controlled Local Service Corporation, the real party in interest. In his response to the motion for summary judgment, the respondent asserted that C.G. Enterprises had the right to enforce the contract. The deposition of C.G. Enterprises' vice president, however, indicated that the proceeds of the cause of action had in fact been transferred to Local Service Corporation.

On July 20, 1992, the respondent was suspended from the practice of law for eighteen months, effective August 19, 1992. *People v. Watson*, 833 P.2d 50, 53–54 (Colo.1992). Nevertheless, the respondent took no action to notify either the district court or opposing counsel of the suspension which would prohibit him from conducting the trial on August 20, 1992. Opposing counsel did notify the court of the respondent's suspension, and the court continued the trial date. The respondent was ordered to pay witness costs and attorney fees associated with the delay of the trial in the amount of $1,263.42. The case was later settled and dismissed with prejudice.

As respondent has stipulated, his conduct violated C.R.C.P. 241.21(c) (notice to opposing counsel and court required after suspension); and DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

## II.

The parties agreed in the stipulation to a suspension in the range of from one year and one day to eighteen months. In approving the stipulation, the inquiry panel recommended an eighteen-month suspension. The assistant disciplinary counsel cites standard 7.2 of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards* ) as the relevant standard in determining the appropriate sanction in this case. In the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession,

and causes injury or potential injury to a client, the public, or the legal system." ABA *Standards* 7.2. The assistant disciplinary counsel also indicates that any injury caused by the respondent's failure to notify the court or opposing counsel of his suspension was addressed by the assessment of costs and attorney fees in the district court action, and that the respondent's misrepresentation resulted in no actual harm.

The most significant aggravating factor is the respondent's serious and extensive record of previous discipline. *See* ABA *Standards* 9.22(a) (prior discipline is an aggravating factor). The respondent received two private censures in February 1988 for two separate instances of misconduct. He also received letters of admonition in October 1988, October 1991, and July 1992. Moreover, the respondent was suspended in 1990 for ninety days for failure to disclose a conflict of interest, *People v. Watson*, 787 P.2d 151 (Colo.1990), and for eighteen months in 1992 for neglect and multiple representation of conflicting interests, *Watson*, 833 P.2d 50. In further aggravation there is the presence of multiple offenses, *id.* at 9.22(d), and the respondent's substantial experience in the practice of law, *id.* at 9.22(i).

In mitigation, the assistant disciplinary counsel represents that the respondent made full and free disclosure to the disciplinary authority and had a cooperative attitude toward the proceedings, *id.* at 9.32(e); that other penalties or sanctions have been imposed on the respondent, *id.* at 9.32(k); and that the respondent has displayed remorse for his misconduct, *id.* at 9.32(*l* ). Taking the seriousness of the misconduct into account with the aggravating and mitigating factors, we conclude that an eighteen-month suspension is appropriate. Accordingly, we accept the stipulation and the recommendation of the inquiry panel.

## III.

It is hereby ordered that John D. Watson be suspended from the practice of law for eighteen months, effective upon the issuance of this opinion. C.R.C.P. 241.21(a). Prior to reinstatement, the respondent shall comply

with all of the conditions in C.R.C.P. 241.22(b)–(d). It is further ordered that Watson pay the costs of this proceeding in the amount of $358.78 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

